

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**ALBERT RANDOLPH,**

    Plaintiff,

v.                                                 Civil Action No. **3:08CV708**

**LORETTA KELLY,** *et al.,*

    Defendants.

## MEMORANDUM OPINION

Albert Randolph, a federal inmate proceeding *pro se* and *in forma pauperis*, submitted this civil action. By Memorandum Order entered on March 19, 2009, the Court informed Randolph that Federal Rule of Civil Procedure 4(m) required him to effect service on all of the Defendants within 120 days from the date of entry thereof. (Docket No. 12.) The March 19, 2009 Memorandum Order further informed Randolph that, although it ultimately remained his responsibility to serve every Defendant, the Court would attempt to serve the Defendants pursuant to an informal service agreement with the Attorney General of Virginia.

On April 15, 2009, the Court received a letter indicating that the Office of the Attorney General of Virginia had accepted service of process on behalf of Defendants Kelly, Dawkins, Wallace, Jones/Shiftlett, Hudson, Bernado, Witt, Sivels, and Robinson. (Docket No. 13.) On May 4, 2009, the Court received from Plaintiff a letter request for service upon the remaining Defendants: Bailey, Webb, and Evans. (Docket No. 19.) Plaintiff did not, however, include an address at which they could be served. Thereafter, the Office of the Attorney General accepted process on behalf of Defendant Evans, but not Defendants Bailey or Webb. (Docket No. 20.)

By Memorandum Order entered on May 18, 2009, the Court informed Randolph of the above. (Docket No. 25.) The May 18, 2009 Memorandum Order further informed Randolph that it was his responsibility to serve Defendants Bailey and Webb, and if he wanted the Court's assistance with that task, he should promptly provide the Court with street addresses where they could be served.

By Memorandum Order entered on September 7, 2010, the Court ordered Randolph to show cause for not effecting service on Defendants Bailey and Webb. (Docket No. 45.)

On September 16, 2010, the Court received a letter from Randolph wherein Randolph claims he never received the May 18, 2009 Memorandum Order, and thus explains why he has not provided the Court with the street addresses of Defendants Bailey and Webb. (Docket No. 48.) In that letter, Randolph asked the Court for the Marshal's assistance in serving Bailey and Webb. Once again, Randolph did not include an address where either Bailey or Webb could be served.

On October 13, 2010, the Court received a letter from Randolph stating that he never received the September 7, 2010 Memorandum Order. (Docket No. 50.) In that letter, Randolph asked the Court for the Marshal's assistance in serving Bailey and Webb. Once again, Randolph did not include an address where either Bailey or Webb could be served.

Despite Randolph's excuses about not receiving either the May 18, 2009 or September 7, 2010 Memorandum Orders, Randolph makes clear that he was well aware of the content of those Memorandum Orders. For example, Randolph's September 16, 2010 letter admits that he had not served Defendants Bailey and Webb and that this was due to Randolph failing to provide the court with street addresses. Similarly, Randolph's October 13, 2010 letter once again establishes

that he has not served the Defendants because he has not provided the Court with their street addresses.

Randolph filed his 42 U.S.C. § 1983 complaint nearly two years ago. Defendants Bailey and Webb have not been served. The Court has provided ample opportunity for Randolph to provide the Court with their street addresses, and he has failed to do so. He has not served those Defendants on his own. In the absence of good cause for his failure to timely serve Defendants Bailey and Webb, Plaintiff's claims against them must be dismissed without prejudice. *Mendez v. Elliot*, 45 F.3d 75, 78-79 (4th Cir. 1995). Good cause is shown when the plaintiff demonstrates that "he made reasonable, diligent efforts to effect service on the defendant." *Hammad v. Tate Access Floors, Inc.*, 31 F. Supp. 2d 524, 528 (D. Md. 1999) (internal quotations omitted) (*quoting T & S Rentals v. United States*, 164 F.R.D. 422, 425 (N.D. W. Va. 1996)). "Inadvertence, neglect, misunderstanding, ignorance of the rule or its burden, or half-hearted attempts at service" generally are insufficient to show good cause. *Vincent v. Reynolds Mem'l Hosp.*, 141 F.R.D. 436, 437 (N.D. W. Va. 1992). Randolph's general lack of effort in serving Defendants Bailey and Webb does not constitute good cause.

Accordingly, all claims against Defendants Bailey and Webb will be DISMISSED WITHOUT PREJUDICE.

An appropriate Order will accompany this Memorandum Opinion.

Date: NOV - 4 2010
Richmond, Virginia

/s/
Richard L. Williams
United States District Judge